UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-80047-RLR

PRINCE AMUN-RA MEDUTY,

    Plaintiff,

v.

THE TRANSFORMATION FACTORY,
LLC, and ALEXIOU GIBSON,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on the Defendants' Motion to Dismiss [DE 10]. The Court has reviewed the Motion, Plaintiff's Response [DE 11], Defendants' Reply [DE 12], and the record and is otherwise fully advised in the premises. For the reasons discussed below, the Motion to Dismiss is **GRANTED**.

### I. BACKGROUND

The alleged facts are as follows. On January 21, 2021, Plaintiff Prince Amun-Ra Meduty and Defendants The Transformation Factory, LLC, and Alexiou Gibson entered into a Private Confidentiality Non-Disclosure Agreement (the "Agreement"). DE 6 ¶ 5, 6-1. Plaintiff "was to serve as a health, life, and business coach for Gibson for his personal and business administrative commercial activities for Transformation Factory." *Id.* ¶ 6. In exchange for Plaintiff's coaching services, Defendants would compensate Meduty with $10,000 dollars, as well as $10,000 dollars' worth of sea moss produced by Transformation Factory. *Id.* ¶ 7. Defendants provided Plaintiff with a promotional code that allowed Plaintiff to order sea moss and pay only the cost of shipping. *Id.*

In May 2021, Defendants disabled the promotional code assigned to Plaintiff and did not pay Plaintiff the amount agreed upon by the parties. *Id.* ¶ 9. On January 12, 2025, Plaintiff filed this lawsuit against Defendants. Plaintiff's Complaint attaches and refers to the Agreement, DE 6-1, 6 ¶ 5, and asserts a breach of contract claim against The Transformation Factory and an unjust enrichment claim against Gibson, DE 1, 6. Defendants have since filed a motion to dismiss for lack of jurisdiction and for failure to state a claim. Fed. R. Civ. P. 12(b)(1), (6).

## II.  STANDARD OF REVIEW

The plaintiff bears the burden to establish federal subject-matter jurisdiction. *Sweet Pea Marine, Ltd. V. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). In moving to dismiss a complaint under Rule 12(b)(1) for lack of subject-matter jurisdiction, a defendant may attack the complaint facially or factually. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Facial attacks "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject-matter jurisdiction, and the allegations in the Complaint are taken as true for the purposes of the motion." *Id.* (citations omitted). By contrast, factual attacks challenge "the existence of subject-matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (citation omitted). "No presumption of truth attaches to the plaintiff's allegations, and the existence of a disputed material fact does not prevent the trial court from evaluating for itself the merits of the jurisdictional claim." *Duque Mendez v. Cuccinelli*, 467 F. Supp. 3d 1249, 1254 (S.D. Fla. 2020) (citing *Lawrence*, 919 F.2d at 1529).

A court may also grant a motion to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss should be granted only when the pleading fails to contain "enough facts to state a claim to

2

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court ruling on a motion to dismiss a complaint accepts the well-pled factual allegations as true and views the facts in the light most favorable to the plaintiff. *Jones v. Fransen*, 857 F.3d 843, 850 (11th Cir. 2017). The court need not accept legal conclusions couched as factual allegations. *Diverse Power, Inc. v. City of LaGrange*, 934 F.3d 1270, 1273 (11th Cir. 2019). "Under Rule 12(b)(6), dismissal is proper when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Allen v. USAA Cas. Ins. Co.*, 790 F.3d 1274, 1278 (11th Cir. 2015) (quotation marks omitted).

### III.   ANALYSIS

Defendant has moved to dismiss both of Plaintiff's claims, breach of contract and unjust enrichment. DE 10. The Court addresses each claim in turn.

A.   <u>Breach of Contract Against The Transformation Factory, LLC</u>

Plaintiff's first claim is breach of contract against Transformation Factory. DE 6 ¶¶ 13–16. According to the parties' Agreement, Plaintiff would provide Gibson health, life, and business coaching services. In exchange, Defendants would pay Plaintiff an initial deposit of $2,000 dollars, followed by monthly installments of $2,000. DE 6-1 at 3. The payments would total $10,000 dollars in payment, plus $10,000 in product exchange. *Id.* Furthermore, the Agreement provided for liquidated damages:

> 11.   *AG*   Breach of subsequent agreement and FAILURE TO TENDER BALANCE OWED in any reason, way, shape, or form gives rise to penalty & LIEN rights on all assets such as homes, cars, businesses, employment garnishments etc. to the Prince Amun-Ra Meduty. The Penalty is Ten Times (10x) the total Donation. Please operate with clean hands, sincerity, and honesty.

3

*Id.* Because this liquidated-damages term provides for ten times the amount owed under the Agreement, Plaintiff seeks $193,000 in damages, asserting that Defendants breached the Agreement by disabling Plaintiff's promotional code and failing to pay Plaintiff the amount agreed upon. DE 6 ¶¶ 9–10.

In their Motion to Dismiss, Defendants argue that this liquidated-damages provision is unenforceable, and that as a result this Court lacks subject-matter jurisdiction over this dispute because the resulting amount in controversy does not exceed $75,000. DE 8 at 2. The Court first analyzes the enforceability of the liquidated-damages provision.

Under Florida law, a liquidated-damages clause is enforceable only if two conditions are satisfied. *Circuitronix, LLC v. Kinwong Elec. (Hong Kong) Co.*, 993 F.3d 1299, 1306 (11th Cir. 2021). First, when the parties executed their contract, the actual damages from a breach of that contract must not have been readily ascertainable. *Id.* Second, the stipulated damages must not be "so grossly disproportionate to any damages that might [have] reasonably [been] expected to follow from a breach as to show that the parties could have intended only to induce full performance, rather than to liquidate their damages." *Id.* (quoting *Lefemine v. Baron*, 573 So. 2d 326, 328–29 (Fla. 1991) (alterations in original)).

Neither condition is satisfied in this case. Based on the Agreement—which Plaintiff has attached and referred to in his Complaint—the actual damages of a potential breach were readily ascertainable when the parties executed the Agreement. *See Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018) ("Under the doctrine of incorporation by reference, [courts] may also consider documents attached to the motion to dismiss if they are referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity."). The terms of the

Agreement explicitly set forth $10,000 in total payments by Defendants to Plaintiff, plus product exchange worth an additional $10,000. DE 6-1 at 3. These terms thus set forth the damages required to make Plaintiff whole—whether they are the damages required to return Plaintiff to the same position he was in immediately before entering into the contract, or the damages required to put Plaintiff in the position he would be in had Defendants properly performed.[1]

Additionally, Florida case law suggests that the Agreement's liquidated damages provision is grossly disproportionate to any damages that might have reasonably been expected to follow from a breach of the Agreement. *See generally In re SFD @ Hollywood, LLC*, 411 B.R. 788, 798 (Bankr. S.D. Fla. 2009) ("A stipulated damages amount 'is reasonable to the extent that it approximates the loss anticipated at the time of the making of the contract, even though it may not approximate the actual loss.'") (quoting Restatement Second of Contracts § 356, Comment b (2009)). Florida courts will not enforce a penalty that is "disproportionate to the damages," "agreed upon in order to enforce performance," and "held *in terrorem* over the promisor to deter him from breaking his promise." *Crosby Forrest Products, Inc. v. Byers*, 623 So.2d 565, 567 (Fla. Dist. Ct. App. 1993) (citing 5 *Williston on Contracts* § 776 at 668); *see also Resnick v. Uccello Immobilien GMBH, Inc.*, 227 F.3d 1347 (11th Cir. 2000) ("Parties may not use [liquidated damages] provisions as a way to secure for themselves greater damages in the event of a breach than contract law would normally allow.") (alteration in original) (citation omitted).

---

[1] Under Florida law, when there is a total breach of contract, the injured party may choose between the mutually exclusive remedies of reliance damages or expectation damages. *Tampa Pipeline Transp. Co. v. Chase Manhattan Serv. Corp.*, 928 F. Supp. 1568, 1584 n.139 (M.D. Fla. 1995), *aff'd sub nom. Tampa Pipeline v. Chase Manhattan*, 87 F.3d 1329 (11th Cir. 1996) (citing *Rector v. Larson's Marine, Inc.*, 479 So.2d 783, 785 (Fla. Ct. App. 1985)). Reliance damages treat the contract as void, and the injured party recovers damages that return the party to its position immediately before entering into the contract. *Id.* Expectation damages affirm the contract, and the injured party recovers damages that put the party into the position it would have been in, had the counterparty properly performed. *Id.*

Here, the liquidated damages provision provides for a "Penalty." DE 6-1 at 2. That "Penalty is Ten Times (10x)" the total amount that Defendants agreed to pay Plaintiff for his services. DE 6-1 at 2. This would result in a windfall to Plaintiff: Plaintiff would receive a damages amount that is ten times greater than what Plaintiff would have been paid if the parties had fully performed. *See RKR Motors, Inc. v. Associated Unif. Rental & Linen Supply, Inc.*, 995 So. 2d 588, 594 (Fla. Dist. Ct. App. 2008) (finding unconscionable a liquidated damages award that was ten times the actual lost profits); *see also Coleman v. B.R. Chamberlain & Sons, Inc.*, 766 So. 2d 427, 429–30 (Fla. Dist. Ct. App. 2000) (finding unenforceable a liquidated damages provision in a noncompete agreement that required a former employee to pay 200 percent of one year's gross revenues generated by each former client).

Because neither condition is satisfied, the Agreement's liquidated damages provision is unenforceable under Florida law. The Court therefore turns to the question of subject-matter jurisdiction. "When jurisdiction is premised on the diversity of the parties, the court is obligated to assure itself that the case involves the requisite amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). "[U]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938). But if it is apparent, from the face of the pleadings, to a legal certainty that the "plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, . . . the suit will be dismissed." *Id.* at 289–90.

6

Plaintiff had pled in his Complaint, based on the Agreement's liquidated damages provision, an amount in controversy of $193,000. DE 6 ¶ 10. However, Plaintiff also incorporated the Agreement into his Complaint. DE 6-1. On its face, the Agreement sets forth the total potential valuation of actual damages: $20,000. And when "there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control." *Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007) (citing *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940)).

Plaintiff bears the burden to show the basis for the Court's diversity jurisdiction, and if that basis is not clear from the face of the Complaint, Plaintiff must present evidence to support its position. *Digital Age Mktg. Group, Inc. v. Sentinel Ins. Co. Ltd.*, 504 F. Supp. 3d 1345, 1347 (S.D. Fla. 2020). Plaintiff does not present further evidence but argues that the *value* of the coaching services Plaintiff provided to Defendants was worth significantly more than the amount stated in the Agreement. DE 11 at 4. The plain language of the Agreement is clear, however, as to the *total payment* that Plaintiff would receive in exchange for his services. *Lambert v. Berkley S. Condo Ass'n, Inc.*, 680 So. 2d 588, 590 (Fla. Dist. Ct. App. 1996) (holding that when the language of a contract is clear, "a court cannot indulge in construction or interpretation of its plain meaning"); *Cerniglia v. Cerniglia*, 679 So. 2d 1160, 1164 (Fla. 1996) (holding that a court cannot "entertain evidence contrary to [a contract's] plain meaning"). That total payment is $20,000, well below the $75,000 jurisdictional threshold.

Therefore, Plaintiff has not met his burden to establish the basis for this Court's subject-matter jurisdiction. Further, for the reasons above, it is apparent—from the face of the pleadings—to a legal certainty that Plaintiff cannot recover the $193,000 amount claimed. *St. Paul Mercury*

7

*Indem. Co.*, 303 U.S. at 289–90.  The Court thus grants Defendant's motion to dismiss as to the breach of contract claim. Fed. R. Civ. P. 12(b)(1).

      B.  <u>Unjust Enrichment against Alexiou Gibson</u>

Plaintiff's second claim is for unjust enrichment against Defendant Gibson. DE 6 ¶¶ 18–21.  Based on the discussion above, this claim is similarly subject to dismissal due to lack of subject-matter jurisdiction. *See* Part III.B.

Even if this Court had subject-matter jurisdiction over Plaintiff's unjust enrichment claim, Defendant has further argued that Plaintiff's unjust enrichment claim must be dismissed for failure to state a claim. DE 10 at 3; Fed. R. Civ. P. 12(b)(6).  Under Florida law, a claim for unjust enrichment cannot exist when an express contract governs the same subject matter. *See Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So. 2d 696, 697 (Fla. Dist. Ct. App. 2008) (collecting cases).  The parties do not dispute that there is an express contract. *See* DE 10 at 3 ("The Complaint clearly and unequivocally establishes and pleads the existence of an express contract . . . .").

In response, Plaintiff argues that the Agreement was between Plaintiff and the Transformation Factory, and that there was no contractual privity between Plaintiff and Gibson. DE 11 at 4–5.  The Agreement identifies the names of the parties, however, as "Prince Amun-Ra Meduty-Alexiou Gibson & The Transformation Factory," DE 6-1 at 1, and refers to them as "ALL PARTIES ABOVE," *e.g.*, *id.* ¶ 2.  The "Trainee/Client's" signature line states "Alexiou Gibson" and "The Transformation Factory." *Id.* at 3.  And the "Hold-harmless and Indemnity Clause" was mutually agreed upon between "Alexiou Gibson hereinafter client, and Prince Amun-Ra Meduty." *Id.*

Based on the face of the Agreement, there was an express contract between Plaintiff and Gibson. Therefore, Plaintiff's unjust enrichment claim must also be dismissed for failure to state a claim. *See Martorella v. Deutsche Bank Nat. Trust Co.*, 931 F. Supp. 2d 1218, 1227–28 (S.D. Fla. 2013) ("[I]t is not upon the allegation of the existence of a contract, but upon a showing that an express contract exists that the unjust enrichment count fails.").

### IV.   CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED**:

1. Defendant's Motion to Dismiss Plaintiff's Complaint [DE 10], is **GRANTED**.

2. This case is hereby **DISMISSED**. This dismissal is without leave to amend because amendment would be futile for the reasons discussed above. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

3. The Clerk of Court is ordered to **CLOSE** this case.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 10th day of March, 2025.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record